The Honorable Larry Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This is in response to your request, prompted by the Division of Legislative Audit, for an opinion on whether the procedure currently in place for paying the "County Crime Victim Coordinator" is consistent with law. You note that currently the Coordinator is paid from court costs received by the county (presumably pursuant to A.C.A. § 16-21-106 (Cum. Supp. 1991)). These costs are placed into an account with the County Treasurer's office and the County Treasurer issues a draft upon the request of the Crime Victim Coordinator for the funds. Upon receipt of the funds from the Treasurer, the funds are placed into a separate Prosecuting Attorney Crime Victim Account. The Crime Victim Coordinator is then paid and expenses are issued through this account. Your question is whether this is the proper procedure or whether the Coordinator should be paid through the County Clerk's office as a county employee.
To the extent that the funds described above are deposited into the county treasury and their withdrawal is not preceded by an appropriation, it is my opinion that the procedure is inconsistent with law. The relevant statute is A.C.A. §16-21-106, which provides in pertinent part that:
 (b)(2)(A) The prosecutor may request the quorum court of the county to provide additional employees for his office to be known as victim of crimes case coordinators at such salary as may be determined by the quorum court, to be in addition to any other position available to the prosecutor's office.
* * *
 (B)(i) The quorum court may . . . provide for the levy of an additional cost, not to exceed five dollars ($5.00), upon each civil action filed, upon each conviction, plea of guilty, plea of nolo contendere, or bond forfeiture in felony, misdemeanor, and traffic violation cases for violations of state law or local ordinance, in all courts in the county including circuit, chancery, municipal, city, and police courts.
 (ii) All moneys collected hereunder shall be transmitted to the county treasurer who shall deposit the same in a special fund to be known as the "prosecutors' victim/witness fund". Moneys deposited into the fund shall be used exclusively to pay the cost of the prosecutors' victim/witness program.
As can be seen from the statute above, the court costs collected are to be deposited into a special fund of the county treasurer. Funds in the county treasury may not be disbursed without an appropriation. A.C.A. § 14-14-1102 (b)(2)(C)(i); Op. Att'y Gen.93-077 at 3, and Op. Att'y Gen. 91-407 at 5 (copies enclosed). In addition, the procedure set out at A.C.A. § 14-14-1102 (b)(2), regarding the county judge's responsibility, must be followed for the disbursement of such funds. See again Op. 91-407 at 4. The exercise of the county judge's authority is ordinarily followed by the county clerk issuing a warrant or preparing a check, which is then submitted to the county treasurer for signature and payment. See A.C.A. § 14-24-101 and 204.
Because the funds are designated for deposit in the county treasury, in my opinion the procedure above is the proper procedure to be followed for payment of the salaries and expenses of the Crime Victim Coordinator. This conclusion is buttressed by the fact that the position of coordinator is created by the county and the salary set by the county. A.C.A. §16-21-106(b)(2)(A). In addition, this office has concluded that the person holding this position can be characterized as a "county employee" at least for some purposes. See again Op. Att'y Gen. 93-077 at 3.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh